IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TEDDYE LEON BITTLE,

    Petitioner,                   No. CIV S-08-1864 LKK EFB P

    vs.

D.K. SISTO,[1] Warden,

    Respondent.                 FINDINGS AND RECOMMENDATIONS

                              /

     Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently pending before the court is respondent's motion to dismiss this action on the grounds that the petition is second or successive and that it was filed beyond the one-year statute of limitation. *See* 28 U.S.C. § 2244(b), (d). As explained below, respondent has not shown that the petition is second or successive. However, the petition is untimely. Accordingly, the motion to dismiss must be granted.

**I.     Procedural History**

     On August 15, 1996, petitioner was convicted in the Sacramento County Superior Court of two counts of first-degree burglary. Resp.'s Mot. to Dism. ("Mot."), Docs. Lodged in Supp.

---

[1] Pursuant to Rule 25(d), Fed. R. Civ. P., John W. Haviland is substituted as respondent. *See* Rule 2(a), Rules Governing § 2254 Proceedings.

1

Thereof ("Lodg. Doc."), 1. Petitioner was sentenced to a term of 22 years and 8 months in state prison. Lodg. Doc. 2.

Petitioner appealed, and the California Court of Appeal, Third Appellate District, affirmed the judgment on December 15, 1997. Lodg. Doc. 2. Petitioner did not seek review in the California Supreme Court. He then filed seven habeas petitions in California's state courts. The first was filed on December 20, 1998 in the Sacramento County Superior Court and was denied on January 25, 1999. Lodg. Docs. 3, 4. The second was filed in the California Supreme Court on January 15, 1999 and was denied on May 26, 1999. Lodg. Docs. 5, 6. The third was filed in the California Court of Appeal on January 23, 1999 and was denied on March 4, 1999. Lodg. Docs. 7, 8.

Petitioner filed the fourth petition more than eight years later. It was filed on March 29, 2007 in the Sacramento County Superior Court and was denied on May 3, 2007. Lodg. Docs. 9, 10. The fifth petition was filed in the Sacramento Superior Court on May 24, 2007 and was denied on July 27, 2007. Lodg. Docs. 9, 10. The sixth was filed in the California Court of Appeal on August 8, 2007 and was denied on August 16, 2007. Lodg. Docs. 13, 14. Finally, the seventh petition was filed in the California Supreme Court on November 7, 2007 and was denied on April 30, 2008. Lodg. Docs. 15, 16.

Petitioner also filed a federal habeas petition in this court on December 10, 1998. Lodg. Doc. 17. The matter was assigned case number CIV S-98-2383 DFL GGH P. Lodg. Doc 18. The respondent filed a motion to dismiss on February 5, 1999. Lodg. Doc. 19. The action was dismissed on September 9, 1999. *Id.* Petitioner filed this action on June 1, 2008.[2] Pet. at 7.

////

---

[2] This date gives petitioner the benefit of the mailbox rule. Respondent argues that it is implausible that the date on the proof of service is correct, as it indicates that the petition was mailed over two months before it was filed in this court. *See* Mot. at 3 n.4. Respondent concedes that even if petitioner were denied the benefit of the mailbox rule, it would not change the disposition of this case. *Id.*

2

## II. Second or Successive Petition

A petition is second or successive if it makes "claims contesting the same custody imposed by the same judgment of a state court" that the petitioner previously challenged, and on which the federal court issued a decision on the merits. *Burton v. Stewart*, 549 U.S. 147 (2007); *see also Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). Before filing a second or successive petition in a district court, a petitioner must obtain from the appellate court "an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The appellate court may grant permission to file a second or successive petition if the petitioner makes a prima facie showing that the new petition contains a previously unraised claim relying on a new rule announced by the Supreme Court and made expressly retroactive to collateral proceedings. *See* 28 U.S.C. §§ 2244(b), 2255. Without an order from the appellate court, the district court is without jurisdiction to consider a second or successive petition. *See Burton*, 549 U.S. 147.

Like the instant action, petitioner's December 10, 1998 habeas petition challenged his August 15, 1996 burglary conviction. Lodg. Doc. 17. On September 9, 1999, this court dismissed petitioner's 1998 habeas action. Lodg. Doc. 19. Petitioner suggests that the petition was dismissed for "technical procedural reasons." Pet'r's Opp'n to Mot. at 3. Respondent submits an order citing the court's June 14, 1999 findings and recommendations, and baldly states that "the judgment was entered denying the petition on the merits." Mot. at 4. While implying that the dismissal was on the merits, the findings and recommendations do not expressly state the grounds for dismissal. Rather, the court wrote: "A motion to dismiss on the merits . . . is inappropriate in habeas actions . . . . Nevertheless, this court has reviewed the issue raised by respondent's motion pursuant to the habeas corpus summary dismissal rules, Rules–Section 2254 Cases, Rules 4 and 8(a). For the reasons set forth in respondent's motion to dismiss, the petition should be denied." *See* No. CIV S-98-2383 DFL GGH P, Findings and Recommendations, June 14, 1999. Unfortunately, there is no copy of respondent's motion to dismiss in the record. Since respondent has not shown that the dismissal was on the merits, the

3

.


court cannot determine whether this is a second or successive petition. Accordingly, the motion to dismiss on that basis must be denied.

### III. Statute of Limitations

The court will recommend that respondent's motion to dismiss be granted on the ground that the action is untimely. A one-year limitations period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Under California law, a judgment is final on direct review when the time to file a petition for review in the California Supreme Court has expired, or 40 days from the date that the appellate court affirmed the judgment of conviction. Cal. Rules of Court, Rules 8.264, 8.500.

There is no statutory tolling of the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, once a petitioner properly files a state post-conviction application the period is tolled, and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). A federal habeas application does not toll the limitations period under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

The limitations period may also be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In light of this pronouncement, the Ninth Circuit has reiterated that the threshold necessary to trigger equitable tolling is very high, and clarified that equitable tolling only applies where a petitioner shows that despite diligently pursuing his rights, some external force *caused* the untimeliness. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).

Petitioner has the burden of showing facts entitling him to statutory and equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

In this case, the statute of limitations began to run 40 days after the California Court of Appeal affirmed petitioner's conviction, or on January 24, 1998. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner suggests that the statute of limitations began to run after the United States Supreme Court's decision in *Cunningham v. California*, 549 U.S. 270, 288-89 (2007), which held that except for a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. But *Cunningham* does not retroactively apply to petitioner's case. *Cunningham* only applies on collateral review to judgments that became final between 2004 and 2007, between the *Blakely v. Washington* and *Cunningham* decisions. *See In re Gomez*, 45 Cal.4th 650, 656-57 (2009) (discussing *Blakely v. Washington*, 542 U.S. 296 (2004), and *Cunningham*, 549 U.S. 270). As explained above, the judgment against petitioner became final in 1998, years before *Blakely*.

Thus, the one-year limitations period began 40 days after petitioner's conviction was affirmed on direct appeal, and he had until January 25, 1999 to file his federal habeas petition. He did not file this petition until June 1, 2008. Absent tolling, his application in this court is over nine years late.

Petitioner is entitled to statutory tolling for properly filed applications for post-conviction relief in state court. Respondent concedes that petitioner's first three state habeas petitions were

5

properly filed. Mot. at 5-6. Petitioner is therefore entitled to 158 days of statutory tolling from December 20, 1998, the date he filed his first state petition, until May 26, 1999, the date that the California Supreme Court denied his third state petition. Petitioner has not argued that there is a basis for equitable tolling.

Thus, with tolling, the statute of limitations expired on July 2, 1999. Once the statute of limitations has expired, it cannot be revived. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Petitioner's fourth through seventh petitions were filed years after the expiration of the limitations period and cannot revive his claims. Therefore, this action is untimely.

**IV.  Conclusion**

The court is unable to determine whether the instant habeas petition is second or successive, as respondent has not shown that the prior habeas petition was dismissed on the merits. However, this petition is untimely, even considering periods of statutory tolling based on state court filings. Therefore, respondent's motion must be granted.

Accordingly, it is hereby RECOMMENDED that:

1. Respondent's July 14, 2009 motion to dismiss be granted; and

2. This action be dismissed on the ground that the petition is untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 21 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 17, 2009

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE